THEODORE PUGSLEY v. ALEXANDER MURRAY.

On an exchange of lots effected by a broker, he cannot recover commissions from the owner of each lot.

It seems, that where each owner, with knowledge that the broker was employed by both, promises to pay him a commission, such promise may be enforced.

APPEAL by the defendant from a judgment of the Sixth District Court.

*William C. Carpenter*, for the defendant.

*William H. Stogdill*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The plaintiff and his partner (who has assigned his interest in this claim to the plaintiff) effected an exchange of property between one Pearce and the defendant. Pearce employed plaintiff's firm as brokers, and paid them the usual commission. The defendant had placed his property with them also for sale, and after completing the exchange, the plaintiff sued the defendant for commissions for selling his property so exchanged.

---

I can see in this case nothing to take it out of the principle established in several cases which we have had before us of a similar character, in which we have held that a broker employed to sell land cannot recover compensation from both parties. ( *Watkins* v. *Cousall,* 1 E. D. Smith, 65 ; *Vanderpool* v. *Kearney,* 2 id. 170 ; *Atterbury* v. *La Farge,* decided in this court in June, 1852.)

The employment of a broker by the owner is to effect a purchase or sale on the terms most advantageous to the party who employs him. He cannot do this, and at the same time render a similar service to the party with whom the bargain is made. In such a case, one or the other of the parties must act for himself ; and it is absurd to say, that either on a sale or exchange of property, a broker can negotiate for the benefit of both. If he gets a good price for the property sold, it is obtained from the man who buys ; and the only service he could render him would be to buy the property at as low a price as the bargain could be effected.

Whether payment is made in money or land is immaterial ; the same rule must apply, viz. : That it is inconsistent to be employed for buyer and seller at the same time, so as to render them any service entitling the broker to compensation from both.

It may be that such compensation might be recovered where, with full knowledge of the fact that the broker was employed by both, and expected pay from both, the party actually promised such payment ; but without evidence of that knowledge and promise, the broker cannot recover from both parties for the same service.

In the present case, Pearce admits his employment of the brokers to make the exchange, and promises the payment to them of one per cent. commission. I think they are precluded from recovering against the defendant for the same transaction.

Judgment reversed.